IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,                  )<br>                     )<br>          Plaintiff/Respondent,      )<br>                     )<br>vs.                         )<br>                     )<br>Jeanette B. Wilcher,                )<br>                     )<br>          Defendant/Movant.         )<br>                     )<br>_____)  | No. CV-08-2039-PHX-EHC (LOA)<br><br>**REPORT AND RECOMMENDATION** |

  This matter arises on Movant's Motion for Medical Release on Bond. (docket # 10) Movant requests release pending a ruling on her Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 for several reasons, including recent deaths in her family, and her deteriorating health. Respondents oppose Movant's motion. (docket # 11)

  "Bail pending a decision in a habeas case is reserved for extraordinary cases involving special circumstances or a high probability of success." *Land v. Deeds*, 878 F.2d 318 (9th Cir. 1989) (finding that petitioner failed to demonstrate that he was entitled to release.) *See also*, *United States v. Mett*, 41 F.3d 1281, 1282 (9th Cir. 1994) (holding that petitioners failed to demonstrate that their case involved "extraordinary circumstances" or a "high probability of success.")

  Here, Movant fails to establish that she is likely to prevail on the merits of her case. Indeed, the undersigned has already issued a Report and Recommendation recommending that her § 2255 motion be denied. Additionally, Movant does not establish that "special

circumstances" exist. As Movant states in her motion, the Bureau of Prisons ("BOP") has denied her request for release under the Second Chance Act of 2007, 42 U.S.C. § 17541, and the BOP is currently considering her request for administrative leave. Additionally, Movant has not provided evidence that she has received inadequate medical care while in BOP custody.[1] Because Movant has not established the existence of "special circumstances" or a "high probability of success" on her § 2255 Motion, her motion for release on bond fails.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Movant's Motion for Medical Release on Bond (docket # 10) be **DENIED**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

DATED this 8th day of May, 2009.

Lawrence O. Anderson
United States Magistrate Judge

---

[1] A civil action pursuant to Title 42 U.S.C. § 1983 is the proper vehicle for challenging inadequate medical care that rises to the level of deliberate indifference to serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97 (1976).

- 2 -