IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |  |
|---|---|---|
| United States of America, | ) | No. 08-2039-PHX-EHC |
| Plaintiff/Respondent, | ) | **ORDER** |
| vs. | ) | |
| Jeanette B. Wilcher, | ) | |
| Defendant/Movant. | ) | |

Before the Court are the Magistrate Judge's Report and Recommendation (Dkt. 9), Movant's Objections to the Report and Recommendation (Dkts. 13 & 17), and Movant's Motion for a Court Appointed Attorney (Dkt. 16).

**I.    Report and Recommendation**

Movant filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Dkt. 1.) Respondents filed a Response. (Dkt. 5.) Movant did not reply.

Magistrate Judge Lawrence Anderson filed a Report and Recommendation, recommending that the Court deny Movant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Dkt. 9.) On May 8, 2009, Movant filed a document titled "Under Rules of Court, Federal Civil Codes and Rules 2072" (Dkt. 13), and on July 23, 2009, Movant filed an untitled document in support of her Motion to Vacate, Set Aside, or Correct Sentence. (Dkt. 17.) The Court will construe these documents as Objections to the Report and Recommendation.

**A.     Standard of Review**

A district court judge reviews *de novo* the portions of the Magistrate Judge's Report and Recommendation to which Petitioner has filed an objection. 28 U.S.C. § 636(b)(1)(C). The district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Id.

**B.     Discussion**

Movant argues that the money-laundering statute under which she was convicted is ambiguous and should be construed in her favor, pursuant to United States v. Santos, __ U.S. __, 128 S.Ct. 2020 (2008). (Dkt. 1.) Movant argues that the Supreme Court's holding in Santos requires the Government to prove that the proceeds of the specified unlawful activity were profits as opposed to expenses or receipts.

In Santos, the Supreme Court considered whether the term "proceeds" in the federal money-laundering statute, 18 U.S.C. § 1956(a)(1), means "receipts" or "profits." United States v. Santos, __ U.S. __, 128 S.Ct. 2020, 2022 (2008). The defendant, in Santos, operated an illegal lottery and was convicted of illegal gambling and money-laundering promotion. Id. at 2022-23. A plurality of the Supreme Court held that the term "proceeds" in the money-laundering statute was ambiguous and "proceeds" referred to "profits," not "receipts." Id. at 2030-31. The Supreme Court also noted that its holding was limited. Id.

The Magistrate Judge found that the holding in Santos was limited to the facts of that case and only applies where the predicate unlawful activity in a money-laundering case is a gambling offense under 18 U.S.C. § 1955. (Dkt. 9 at 5.) The Magistrate Judge concluded "that Santos does not apply to this case where the specified unlawful activity is wire fraud, not gambling," and "the Government was not required to prove that the proceeds in this case were profits." (Id. at 6.)

Movant objects to the Magistrate Judge's conclusion. Movant argues that the Supreme Court's holding in Santos "specifically refers to the Money Laundering Statute," and "[t]here is no mention, however, that this decision was out of an exception for gambling operations only." (Dkt. 13 at 2.) Movant cites United States v. Brown, 553 F.3d 768 (5th

Cir. 2008), United States v. Achobe, 560 F.3d 259 (5th Cir. 2008), and United States v. Yusuf, 536 F.3d 178 (3rd Cir. 2008) in support of her argument. (Dkt. 17.) None of these decisions are binding on this Court. Nevertheless, the Court has reviewed these decisions and finds that they support the conclusion that the holding in Santos is limited to the circumstances of that case.

In Brown, the Fifth Circuit considered whether the government's evidence of "proceeds" in a money-laundering conviction of pharmacists, who illegally distributed medicines, was insufficient, under Santos. Brown, 553 F.3d at 782. The Fifth Circuit reviewed the Supreme Court's decision in Santos, and noted that "a deeply conflicted Supreme Court ruled on the definition of 'proceeds' in certain money laundering contexts." Id. 3d at 783. The Fifth Circuit noted that the "precedential value of Santos is unclear outside of the narrow factual setting of that case..." Id. The Fifth Circuit held that even if "proceeds" is defined as "profits," the government's evidence presented at trial was sufficient to demonstrate the requisite profits in that case and there was no likelihood of a grave miscarriage of justice. Id. at 785. In Achobe, which involved Brown's co-defendants, the Fifth Circuit adopted its rationale and conclusion in Brown. Achobe, 560 F.3d at 269.

In Yusuf, the Third Circuit considered whether unpaid taxes are "proceeds" of mail fraud, supporting a charge of money-laundering. Yusuf, 536 F.3d at 185. The Third Circuit examined Santos and noted that "depending on the import of the legislative history, proceeds may mean profits as applied to some specified unlawful activities and gross receipts as applied to others." Id. at 186 n. 12 (citing Santos, 128 S.Ct. at 2031-32 (Stevens, J., *concurring*)). The Third Circuit also noted that the Court's holding in Santos is limited to the holding that "proceeds" means "profits" when there is no legislative history to the contrary. Id. (citing Santos, 128 S.Ct. at 2031). The Third Circuit held that "unpaid taxes, which are unlawfully disguised and retained by means of the filing of false tax returns through the U.S. mail, constitute 'proceeds' of mail fraud for purposes of supporting a charge of federal money laundering." Id. at 189.

As noted above, the Magistrate Judge determined that the Supreme Court, in <u>Santos</u>, "limited its holding to the facts of that case, therefore, it only applies where the predicate specified unlawful activity in a money-laundering case consists of a gambling offense..." (Dkt. 9 at 5.) The Fifth Circuit's decisions in <u>Brown</u> and <u>Achobe</u> and the Third Circuit's decision in <u>Yusuf</u> do not conflict with the Magistrate Judge's Recommendation.

Movant also argues that the Court violated her due process right by refusing to give the jury a special verdict form requiring the jury to find that Movant specifically intended to defraud the victim, rather than an unidentified victim. (Dkt. 1.) The Magistrate Judge concluded that Movant's due process claim was previously decided on direct appeal and is not reviewable in this § 2255 Motion. (<u>See</u> Dkt. 9 at 6-8.) Movant has not established, and the Court has not found, any reason to reject or modify this conclusion.

Therefore, having reviewed the record *de novo*, the Court adopts the Magistrate Judge's Report and Recommendation (Dkt. 9) and incorporates it as part of this Order.

## II. Request for Court Appointed Attorney

On June 22, 2009, Movant filed a "Response to Order Dkt. 12," requesting "assistance of counsel through a court appointed attorney." (Dkt. 16.) Movant asserts that she did not file a reply in support of her Motion to be Released from Federal Prison Pending Final Disposition[1] because "[i]n all likelihood, the prison just fail[e]d to deliver my mail..." (<u>Id</u>.) Movant asserts that if she "had a court appointed attorney none of this would be able to take place." (<u>Id</u>.)

There is no right to counsel for a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. <u>See</u> <u>U.S. v. Harrington</u>, 410 F.3d 598, 600 (9th Cir. 2005) (no right to counsel for a collateral attack on a conviction); <u>see also</u> <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 555 (1987) (the right to counsel "extends to the first appeal of right, and no further"). The Court has discretion whether to appoint counsel. <u>Harrington</u>, 410 F.3d at 600. The Court may appoint counsel "if the interests of justice so require" for any financially eligible

---

[1]The Court adopted the Magistrate Judge's Report and Recommendation denying Movant's Motion to be Released from Prison on June 15, 2009. (Dkt. 15.)

person who is seeking relief under section 2255. 18 U.S.C. § 3006A(a)(2)(B). The Court must appoint an attorney to represent a moving party, who qualifies to have counsel appointed under 18 U.S.C. § 3006A, if an evidentiary hearing is warranted. Fed. R. Governing § 2255 Proceedings 8(c).

Here, the Court has not found that an evidentiary hearing is warranted. The Magistrate Judge recommended denying Movant's Motion to Vacate, Set Aside, or Correct Sentence, and the Court has adopted the Magistrate Judge's Recommendation. Therefore, Movant's request for appointment of counsel will be denied.

Accordingly,

**IT IS ORDERED** adopting the Magistrate Judge's Report and Recommendation (Dkt. 9) filed April 30, 2009.

**IT IS FURTHER ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. 1) is **denied**.

**IT IS FURTHER ORDERED** that Movant's Motion for a Court Appointed Attorney (Dkt. 16) is **denied**.

DATED this 25th day of September, 2009.

*Earl H. Carroll*
Earl H. Carroll
United States District Judge